UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORINNA RUIZ,<br><br>                          Plaintiff,<br>v.<br>PARADIGMWORKS GROUP, INC. et al.,<br><br>                          Defendant. | Case No.: 16-CV-2993-CAB-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PARADIGMWORKS GROUP, INC.'S RENEWED MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 90] |

This matter is before the Court on Defendant Paradigmworks Group, Inc.'s ("PGI") Renewed Motion for Summary Judgment. [Doc. No. 90.] The Court finds it suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, PGI's renewed motion for summary judgment is granted in part and denied in part.

**I.    BACKGROUND**

The detailed factual background of this case is set forth in the Court's previous Order on the defendants' motions for summary judgment. [Doc. No. 51.] In sum, Plaintiff Corinna Ruiz was employed by Defendant PGI as an outreach admissions counselor. [*Id.* at 1.] After falling and breaking her ankle on November 11, 2015, Ruiz required surgery on November 23, 2015, and provided PGI notes from her physician stating that she would

be temporarily totally disabled through February 22, 2016. [*Id*. at 2.[1]] PGI provided Ruiz with unpaid leave through February 22, 2016. [*Id*.] On February 18, 2016, Ruiz's physician provided a new note stating that Ruiz would continue to remain temporarily totally disabled through April 1, 2016. [*Id*.] On February 29, 2016, PGI terminated Ruiz's employment. [*Id*.]

On February 22, 2018, the Court granted the defendants' motions for summary judgment, finding that Ruiz did not meet her burden of proving that her requested extension of leave was a reasonable accommodation. [*Id*. at 7.] Ruiz timely appealed, and the Ninth Circuit Court of Appeals reversed and remanded holding that the Court erred in granting summary judgment on Ruiz's disability claims based on this Court's finding "that [Plaintiff's] request for five more weeks of leave was not a 'reasonable' accommodation." [Doc. No. 88 at 5.] The Ninth Circuit also held that on remand the Court "may address in the first instance whether Ruiz's additional leave request would have posed an 'undue hardship' for PGI" and "may address in the first instance PGI's alternative arguments in favor of summary judgment." [*Id*. at 5–6.] On November 26, 2019, PGI filed its renewed motion for summary judgment. [Doc. No. 90.]

## II. LEGAL STANDARD

The familiar summary judgment standard applies here. Under Federal Rule of Civil Procedure 56, the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a). To avoid summary judgment, disputes must be both 1) material, meaning concerning facts that are relevant and necessary and that might affect the outcome of the action under governing law, and 2) genuine, meaning the evidence must be such that a reasonable judge or jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cline v. Indus. Maint. Eng'g &*

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

*Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000) (citing *Anderson*, 477 U.S. at 248). When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## III. DISCUSSION

In its renewed motion for summary judgment PGI contends that: (1) Plaintiff has no Americans with Disabilities Act ("ADA") or Fair Employment and Housing Act ("FEHA") claim because she lacks admissible evidence proving she was a qualified individual; (2) even if Plaintiff is a qualified individual PGI engaged in a good faith interactive process; (3) Plaintiff has no FEHA retaliation claim because PGI terminated Plaintiff's employment for a legitimate non-discriminatory reason; and (4) Plaintiff's third leave request constituted an undue hardship to PGI. [Doc. No. 90.] PGI also contends that Plaintiff's remaining claims fail because Plaintiff waived them on appeal. [*Id.*]

### A. Qualified Individual

To succeed on her disability claims under the ADA and the FEHA, Ruiz must show she is a "qualified individual with a disability." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988-89, 999 (9th Cir. 2007) (en banc). Under both the ADA and the FEHA, a "qualified individual" is an individual with a disability who, with or without "reasonable accommodation," can perform the essential functions of the job. *Id*. at 989, 999.

PGI argues that Ruiz has no claim under the ADA or FEHA because she lacks admissible evidence proving she was a qualified individual. PGI appears to base this contention largely on Ruiz's failure to designate any retained or unretained experts pursuant to Rule 26(a)(2) and the Court's related scheduling order. According to PGI, Ruiz is now precluded from introducing any treating physician's testimony or notes and therefore Ruiz's ADA and FEHA claims must fail because she has no means to prove the *prima facie* element that she is a qualified individual.

As Ruiz points out, PGI has not supported its contention with any authority that an expert witness is necessarily required to prove the qualified individual element. PGI also overlooks that Ruiz's treating physician is not precluded from testifying as a percipient witness as long as there is no testimony beyond information learned or acquired, or opinions reached, as a result of the treating relationship.[2] Although "other circuits have held that treating physicians are experts that must be properly disclosed under . . . Rule . . . 26, . . . [the Ninth Circuit] has not." *Hoffman v. Lee*, 474 F. App'x 503, 505 (9th Cir. 2012) (internal citation omitted). In any case, even if Ruiz was precluded from introducing any testimony from her treating physician, she is still able to testify herself as to her injury and recovery from surgery. *See Head v. Glacier Nw., Inc.*, 413 F.3d 1053, 1058 (9th Cir. 2005) ("[O]ur precedent supports the principle that a plaintiff's testimony may suffice to establish a genuine issue of material fact.").

Furthermore, Ruiz is not precluded as a matter of law from being qualified simply because she was unable to work at the time of her termination. *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999); *Humphrey v. Memorial Hospitals Association,* 239 F.3d 1128, 1135–36 (9th Cir. 2001). This conclusion follows because one form of reasonable accommodation can be an extended leave of absence that will, in the future, enable an individual to perform her essential job duties. *Nunes*, 164 F.3d at 1247. Therefore, the proper inquiry for an otherwise qualified individual who is terminated while on leave is whether the leave was a reasonable accommodation and did not impose an undue hardship on the employer. *Id.* "Although an employer need not provide repeated leaves of absence for an employee . . ., the mere fact that a medical leave has been repeatedly extended does not necessarily establish that it would continue indefinitely." *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal.App.4th 952, 988 (2008). Rather,

---

[2] A treating physician is exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment. *See Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011).

4

"the fact that an accommodation has been attempted and was unsuccessful is a relevant consideration for the factfinder." *Kimbro v. Atl. Richfield Co.*, 889 F.2d 869, 879 n.10 (9th Cir. 1989).

Although Ruiz's multiple requests for extensions "may in fact prove dispositive in determining whether failure to permit subsequent leave constituted failure to make a reasonable accommodation," *id.*, this is a question properly resolved by the trier of fact and is inappropriate for summary judgment. Ruiz's proffered testimony that she would be able to return to work upon completion of the extended leave or that she was willing to discuss with her physician whether she could return sooner is sufficient to establish a genuine issue of material fact. Whether or not the extended leave request constituted an undue hardship on PGI is addressed further below. Accordingly, PGI's renewed motion for summary judgment on the basis that she has no admissible evidence to prove that she is a qualified individual is **DENIED**.

### B. Good Faith Interactive Process

The Ninth Circuit has held that notifying an employer of a need for an accommodation triggers a duty to engage in an "interactive process" through which the employer and employee can come to understand the employee's abilities and limitations, the employer's needs for various positions, and a possible middle ground for accommodating the employee. *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1111–16 (9th Cir. 2000) (en banc), vacated on other grounds, *US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002). In *Barnett*, the Ninth Circuit held that if an employer receives notice and fails to engage in the interactive process in good faith, the employer will face liability "if a reasonable accommodation would have been possible." *Barnett*, 228 F.3d at 1116.

The Ninth Circuit has also held that if an employer fails to engage in good faith in the interactive process, the burden at the summary-judgment phase shifts to the employer to prove the unavailability of a reasonable accommodation. *See Morton v. United Parcel Serv., Inc.*, 272 F.3d 1249, 1256 (9th Cir. 2001), overruled on other grounds, *Bates*, 511 F.3d at 995; *Barnett*, 228 F.3d at 1116 ("We hold that employers, who fail to engage in the

interactive process in good faith, face liability for the remedies imposed by the statute if a reasonable accommodation would have been possible. We further hold that an employer cannot prevail at the summary judgment stage if there is a genuine dispute as to whether the employer engaged in good faith in the interactive process.").

PGI contends that Ruiz has no claim under the ADA or FEHA because she cannot disprove PGI's good faith participation in the interactive process. According to PGI, its good faith participation continued through the date of Ruiz's termination and PGI even invited Ruiz to re-apply to a suitable position when she was ready to return to work. Ruiz disputes PGI's claims and alleges that when the need for additional leave was requested, there was no discussion between the parties about the request. Instead, when Ruiz informed PGI she was going to see her physician in two weeks to discuss a possible return to work, Ruiz received a termination letter from PGI eleven days later. Ruiz has sufficiently established that a genuine issue of material fact exists as to this issue. Accordingly, PGI's renewed motion for summary judgment on the basis that Ruiz cannot disprove PGI's good faith participation in the interactive process is **DENIED**.

### C. Retaliation

Retaliation claims under the California Labor Code and FEHA are assessed under the familiar three-step *McDonnell Douglas* burden-shifting framework. *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028 (2005) (applying burden-shifting framework to FEHA claim); *Taswell v. Regents of the Univ. of Cal.*, 23 Cal.App.5th 343 (2018) (applying burden-shifting framework to retaliation claims including California Labor Code § 1102.5(b)). At step one, the plaintiff must make a *prima facie* case by showing "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz*, 36 Cal.4th at 1042. If the plaintiff establishes a prima facie case, "the employer is required to offer a legitimate, nonretaliatory reason for the adverse employment action." *Id*. "If the employer produces a legitimate reason for the adverse employment action, the presumption of retaliation 'drops out of the picture,' and the burden

shifts back to the employee to prove intentional retaliation." *Id.* (quoting *Morgan v. Regents of the Univ. of Cal.*, 88 Cal.App.4th 52 (2000)).

PGI contends Ruiz has no FEHA retaliation claim because Plaintiff has no facts to demonstrate a casual link between her disability and PGI's termination of her employment. Ruiz contends that PGI fired Ruiz for no other reason besides her disability. Under the FEHA, it is unlawful "[f]or an employer . . . to . . . retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted." Cal. Gov't Code §12940(m)(2); *see also Moore v. Regents of the Univ. of Cal.*, 206 Cal. Rptr. 3d 841, 865-66 (Ct. App. 2016).

As stated previously, Ruiz alleges that once she requested an extended leave of absence, PGI responded, or rather failed to respond, by discontinuing the interactive process and terminating her employment. Causation is a factual inquiry, and the Court is satisfied that construing the evidence in the light most favorable to Ruiz, she has presented sufficient evidence such that a genuine dispute of material fact exists as to whether or not Ruiz was terminated for a legitimate, non-discriminatory purpose, or whether PGI terminated her due to her disability. *See Dark v. Curry Cnty.*, 451 F.3d 1078, 1085 (9th Cir. 2006). Accordingly, PGI's renewed motion for summary judgment on the basis that Ruiz has no FEHA retaliation claim is **DENIED**.

### D. Undue Hardship

Whether a defendant can show an accommodation is an undue hardship depends on a fact-specific, individualized inquiry. *See U.S. Airways, Inc. v. Barnett*, 535 U.S. at 402; *see also Weaving v. City of Hillsboro*, No. 10–CV–1432, 2012 WL 526425, at \*17 (D.Or. Feb. 16, 2012). "Undue hardship refers not only to financial difficulty, but to reasonable accommodations that are unduly extensive, substantial, or disruptive, or those that would fundamentally alter the nature or operation of the business." *Id.* The bar for undue hardship is "high." *Enyart v. Nat'l Conference of Bar Examiners, Inc.*, 823 F.Supp.2d 995, 1014 (N.D.Cal. 2011). "Undue hardship analysis is thus a fact-intensive inquiry, rarely suitable for resolution on summary judgment." *Morton*, 272 F.3d at 1256–57 (citing *Humphrey*,

239 F.3d at 1139).

PGI contends that Ruiz's request for an extended leave constituted an undue hardship to PGI because after granting Ruiz's initial leave it was already out of compliance with its minimum staffing requirements and in breach of its contract with the Department of Labor ("DOL"). According to PGI, it is undisputed that being short-staffed put PGI at risk of its contract and the project director had confirmed this threat. PGI therefore had an urgency to fill Ruiz's position because it had no way of knowing whether Ruiz would return to work after an extended leave as she previously had been unable to return after her initial leave. Facing such circumstances, PGI felt it could not further jeopardize its other employees' job security and business beyond the initial 12-week discretionary leave. Ruiz argues that PGI has not submitted any actual evidence of the purported threats to its business. While it appears PGI may have already been under-staffed, there is no letter or declaration from the DOL or project manager supporting PGI's claim that it faced any imminent threat to its business due to being under-staffed. It is not clear why the initial 12-week leave was readily granted without becoming a major burden, but an extended 5-week leave would abruptly transform to an undue hardship. Either way, the evidence suggests there is a genuine dispute of material fact whether the request for an extended leave constituted an undue hardship that is more appropriate for the factfinder and precludes summary judgment. Accordingly, PGI's renewed motion for summary judgment on the ground that Ruiz's request for additional leave constituted an undue hardship on PGI is **DENIED**.

### E. Claims Waived on Appeal

Lastly, PGI contends that Ruiz's eighth, tenth, eleventh, twelfth, and thirteenth causes of action fail under the law of the case doctrine because said claims were dismissed by this Court and Plaintiff waived them on appeal. *See Securities Investor Protection Corp. v. Vigman*, 74 F.3d 932, 937 (9th Cir. 1996) (finding that an issue that was "subsumed within [the Court's] summary judgment" order was therefore "law of the case."). Additionally, "an issue or factual argument waived at the trial level before a particular

order is appealed, or subsequently waived on appeal, cannot be revived on remand." *Magnesystems v. Nikken, Inc.*, 933 F.Supp. 944, 949–950 (C.D. Cal. 1996); *see also Vigman*, 74 F.3d at 937 (holding that an argument not raised on appeal was waived). Ruiz has not opposed that she waived these causes of action on appeal. Accordingly, PGI's renewed motion for summary judgment that such claims were waived on appeal is **GRANTED**.

## IV. DISPOSITION

For the reasons set forth above, PGI's renewed motion for summary judgment on the ground that Ruiz's eighth, tenth, eleventh, twelfth, and thirteenth causes of action fail is **GRANTED** and PGI's renewed motion for summary judgment on all other grounds is **DENIED**.

It is **SO ORDERED**.

Dated: January 13, 2020

Hon. Cathy Ann Bencivengo
United States District Judge